Argued November 2; affirmed November 16, 1937

STATE ex rel. COLE *v.* COLE

(73 P. (2d) 384)

*Harry G. Hoy*, of Portland (Hoy & Doxey and Arthur E. Prag, all of Portland, on the brief), for appellant.

*Janet W. Starkey* and *Arthur L. Platt*, both of Portland (Platt & Black, of Portland, on the brief), for respondent.

KELLY, J.  Two judgments of contempt were entered against defendant. From each of these judgments an appeal has been taken. By order of the circuit court the two cases were consolidated for the purposes of this appeal.

On the 27th day of May, 1936, proceedings were instituted in the Department of Domestic Relations to have the infant son of defendant and his wife declared a dependent child. It appears from the petition that at that time the child was one year old. A divorce case between his parents was pending on appeal from a decree granting Mrs. Cole a divorce.

Owing to press of other work in the court, the hearings of this matter were adjourned from time to time. The court directed that during recess the mother, Mrs. Cole, be given an opportunity to visit with her son in the presence of an attache of the court. After one such incident, when the case was again before the court, the defendant, Mr. Cole, objected to the order on the ground that the immediate presence of the mother adversely affected the child, and, for that reason, Mr. Cole declined to bring the child into court.

In order to determine what effect the mother's attention to the child and personal attendance upon him did have upon the boy, the court proposed to have the child examined by a physician immediately before such a visit and also immediately thereafter.

After hearing suggestions from counsel for both parties, the court indicated that it would have an examination of the child conducted by a certain physician suggested by the relatrix, but to whom the attorney for defendant strenuously objected.

The defendant refused to produce the boy in court or to permit the doctor thus selected by the court to examine him.

It is urged that the orders were of such a nature that the court of domestic relations was without jurisdiction to make them, hence, there was no contempt on the part of defendant in refusing to comply therewith.

■ We are unable to concur in this view. It is conceded that the court had attained jurisdiction to determine the alleged dependency of the child in question. We think that the orders in question were properly incidental to the conduct of a dependency proceeding.

We find nothing in the annotation to the case of *Ross v. Ross*, 78 A. L. R., at p. 317 et seq., cited by defendant, which deprives a juvenile court, in the investigation of a charge of dependency, of jurisdiction to require production of the child in court, designate who may be its custodian and employ means to ascertain what, if any, probable relationships and contacts may be detrimental to the child's welfare.

■■ We express no opinion upon the propriety of selecting only the physician of the relatrix's choice; but we hold that the court of domestic relations had jurisdiction to ascertain whether visitations of the mother were detrimental to the child. We hold also that it was the duty of the person having the custody of the child to produce him in court when ordered to do so.

The judgments of the circuit court are affirmed.

BEAN, C. J., and BELT and ROSSMAN, JJ., concur.